**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**Marie Nicole Joseph**,
individually and on behalf of all
others similarly situated,
        Plaintiff,

v.                                                    Case No.:

**Fruit Dynamics LLC**,
        Defendant.

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Marie Nicole Joseph ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant Fruit Dynamics LLC ("Defendant" or "Fruit Dynamics") for violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under the WARN Act on behalf of herself and other similarly situated former employees of Defendant who suffered an employment loss as a result of Defendant's abrupt plant closing and/or mass layoff at or involving its Naples, Florida worksite, without receiving the advance written notice required by federal law.

2.      The WARN Act generally requires covered employers to provide at least sixty (60) days' advance written notice before ordering a plant closing or mass layoff, subject to limited statutory exceptions.

3.      Plaintiff alleges that Defendant closed its plant and laid off approximately 150 employees on or about December 13, 2024, without providing Plaintiff and similarly situated employees the notice required by the WARN Act.

4.      Plaintiff seeks, on behalf of herself and the proposed class, all remedies available under 29 U.S.C. § 2104, including back pay, benefits, interest, reasonable attorneys' fees, costs, and such other relief as the Court deems just and proper.

## PARTIES

5.      Plaintiff Marie Nicole Joseph is an individual residing in Immokalee, Collier County, Florida.

6.      Plaintiff was employed by Defendant Fruit Dynamics LLC from approximately January 5, 2021 until her employment loss on or about December 13, 2024.

7.      Plaintiff worked for Defendant as an hourly employee in a vegetable cleaning position. Her duties included cleaning vegetables, removing stems, and passing vegetables to other employees for cutting.

8.      Plaintiff worked at Defendant's job site located at 4206 Mercantile Avenue, Naples, Florida 34104.

9.      Defendant Fruit Dynamics LLC is a limited liability company that employed Plaintiff and other workers at the Naples, Florida worksite.

10.     Defendant transacted business in Florida and employed workers at 4206 Mercantile Avenue, Naples, Florida 34104.

## JURISDICTION AND VENUE

11.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the WARN Act, 29 U.S.C. §§ 2101–2109.

12.     This Court also has jurisdiction under 29 U.S.C. § 2104(a)(5), which authorizes an aggrieved employee to sue in any United States district court for any district in which the alleged WARN Act violation occurred or in which the employer transacts business.

13.     Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391 because Defendant transacted business in this District and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

14.     Venue is proper in the Fort Myers Division because Plaintiff worked in Naples, Florida, and the alleged plant closing and/or mass layoff occurred at or involved Defendant's Naples, Florida worksite.

## FACTUAL ALLEGATIONS

15.     Defendant employed Plaintiff at its Naples, Florida worksite located at 4206 Mercantile Avenue, Naples, Florida 34104.

3

16.    Plaintiff began working for Defendant on or about January 5, 2021.

17.    Plaintiff was paid on an hourly basis.

18.    Plaintiff regularly worked more than forty (40) hours per week, including overtime hours.

19.    Defendant's payroll records identify Plaintiff as Marie Nicole Joseph and identify Defendant as Fruit Dynamics LLC at 4206 Mercantile Avenue, Naples, Florida 34104.

20.    Plaintiff was an "affected employee" and an "aggrieved employee" within the meaning of the WARN Act because she worked for Defendant and suffered an employment loss without receiving timely notice as required by the WARN Act.

21.    Defendant was an "employer" within the meaning of the WARN Act because, upon information and belief, Defendant employed at least 100 employees, excluding part-time employees, or employed at least 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of overtime hours.

22.    Defendant employed at least fifty (50) employees at or involving the Naples worksite.

23.    On or about December 13, 2024, Defendant abruptly closed the Naples plant and/or ordered a mass layoff affecting Plaintiff and numerous other employees.

24.    Plaintiff was terminated, laid off, or otherwise suffered an employment loss on or about December 13, 2024.

25.    Plaintiff was informed that the reason for the termination or layoff was a plant closing without notice.

26.    Plaintiff understands that approximately 150 employees were laid off in connection with the December 13, 2024 plant closing and/or mass layoff.

27.    Defendant did not provide Plaintiff with sixty (60) days' advance written notice before the December 13, 2024 plant closing and/or mass layoff.

28.    Upon information and belief, Defendant did not provide the proposed class members with sixty (60) days' advance written notice before the December 13, 2024 plant closing and/or mass layoff.

29.    After the Naples plant closed, Plaintiff heard that employees would be given work at a new Lakeland plant.

30.    Plaintiff traveled to the Lakeland plant and worked there for approximately two (2) weeks.

31.    Plaintiff was then laid off from the Lakeland plant and was required to pay her own transportation back to Immokalee, Florida.

32.    Plaintiff was placed in a hotel for approximately two (2) weeks in connection with the Lakeland work.

33.    Upon information and belief, Defendant did not provide Plaintiff or the proposed class members with WARN Act-compliant notice in connection with the Naples plant closing and/or mass layoff.

34.    Defendant's failure to provide advance written notice caused Plaintiff and the proposed class members to lose wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions, health

insurance, and other benefits of employment to which they were entitled under the WARN Act.

35.    Plaintiff does not allege that she received a severance agreement from Defendant.

36.    Plaintiff does not allege that she had employer-provided health insurance through Defendant.

## CLASS ACTION ALLEGATIONS

37.    Plaintiff brings this action as a class action under Federal Rule of Civil Procedure 23(a), 23(b)(1), and/or 23(b)(3), on behalf of herself and the following proposed class:

38.    All persons who worked for Fruit Dynamics LLC at or involving its Naples, Florida worksite and who suffered an employment loss on or about December 13, 2024, as part of the plant closing and/or mass layoff, and who did not receive at least sixty (60) days' advance written notice of the plant closing and/or mass layoff as required by the WARN Act.

39.    Excluded from the proposed class are Defendant, Defendant's officers and directors, members of Defendant's immediate families, Defendant's legal representatives, successors, and assigns, and any judge assigned to this case and members of the judge's staff and immediate family.

40.    Numerosity. The proposed class is so numerous that joinder of all members is impracticable. Plaintiff alleges, based on information presently available,

6

that approximately 150 employees were laid off in connection with the December 13, 2024 plant closing and/or mass layoff.

41.   Commonality. Questions of law and fact common to the proposed class include, but are not limited to:

a.   Whether Defendant was a covered "employer" under the WARN Act;

b.   Whether Defendant ordered a "plant closing" and/or "mass layoff" within the meaning of the WARN Act;

c.   Whether Plaintiff and proposed class members were "affected employees" and/or "aggrieved employees" within the meaning of the WARN Act;

d.   Whether Defendant failed to provide at least sixty (60) days' advance written notice before the plant closing and/or mass layoff;

e.   Whether any statutory exception to the WARN Act notice requirement applies;

f.   Whether Defendant acted in good faith or had reasonable grounds for believing its conduct complied with the WARN Act;

g.   The appropriate calculation of back pay and benefits owed to Plaintiff and the proposed class; and

h.   Whether Plaintiff and the proposed class are entitled to attorneys' fees, costs, interest, and other relief.

42.   Typicality. Plaintiff's claims are typical of the claims of the proposed class because Plaintiff and the proposed class members were employed by Defendant, suffered an employment loss in connection with the same plant closing and/or mass layoff, and did not receive the WARN Act notice required by law.

43.   Adequacy. Plaintiff will fairly and adequately protect the interests of the proposed class. Plaintiff's interests are aligned with those of the proposed class, and

Plaintiff has retained counsel experienced in employment litigation and federal litigation.

44.     Plaintiff is informed and believes that her counsel will adequately and vigorously prosecute this action on behalf of the class.

45.     Rule 23(b)(1). Class treatment is appropriate because prosecuting separate actions would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to the WARN Act obligations at issue.

46.     Rule 23(b)(3). Class treatment is appropriate because common questions of law and fact predominate over any questions affecting only individual class members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

47.     A class action is superior because the claims arise from a common course of conduct, the relevant liability questions are common to the class, individual WARN Act damages may be relatively modest compared to the cost of individual litigation, and class treatment promotes judicial economy.

**COUNT I — VIOLATION OF THE WARN ACT, 29 U.S.C. §§ 2101–2109**

48.     Plaintiff realleges and incorporates paragraphs 1 through 47 as if fully set forth herein.

49.     Defendant was an "employer" within the meaning of the WARN Act.

50.     Plaintiff and the proposed class members were "affected employees" and/or "aggrieved employees" within the meaning of the WARN Act.

51. On or about December 13, 2024, Defendant ordered a plant closing and/or mass layoff within the meaning of the WARN Act.

52. Defendant was required to provide Plaintiff and the proposed class members with at least sixty (60) days' advance written notice of the plant closing and/or mass layoff.

53. Defendant failed to provide Plaintiff and the proposed class members with at least sixty (60) days' advance written notice before the plant closing and/or mass layoff.

54. Defendant's failure to provide the required notice violated the WARN Act.

55. As a direct and proximate result of Defendant's WARN Act violation, Plaintiff and the proposed class members suffered damages, including lost back pay and lost benefits for each day of violation, up to the statutory maximum.

56. Plaintiff and the proposed class members are entitled to recover all available relief under 29 U.S.C. § 2104, including back pay, benefits, prejudgment interest, post-judgment interest, reasonable attorneys' fees, costs, and such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marie Nicole Joseph, individually and on behalf of all others similarly situated, respectfully requests that the Court enter judgment in her favor and against Defendant Fruit Dynamics LLC, and award the following relief:

a. Certify this action as a class action under Federal Rule of Civil Procedure 23;

b. Appoint Plaintiff Marie Nicole Joseph as Class Representative;

c. Appoint Plaintiff's counsel as Class Counsel;

d. Declare that Defendant violated the WARN Act;

e. Award Plaintiff and the class back pay for each day of violation at the rate required by 29 U.S.C. § 2104(a)(1)(A), up to the statutory maximum;

f. Award Plaintiff and the class benefits and other amounts available under 29 U.S.C. § 2104(a)(1)(B), up to the statutory maximum;

g. Award prejudgment and post-judgment interest as allowed by law;

h. Award reasonable attorneys' fees and costs under 29 U.S.C. § 2104(a)(6);

i. Award all other relief the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated this 4th day of June, 2026.

Respectfully submitted,

/s/ Chad A. Justice

**CHAD A. JUSTICE**
Florida Bar Number: 121559
**SAMUEL DOXSEE**
Florida Bar Number: 127318
Direct No. 813-566-0550
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**

10